

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

___

*970 Broad Street, 7th floor*   973-645-2700
*Newark, New Jersey 07102*

September 16, 2022

Honorable William J. Martini
United States District Judge
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    United States v. Jose Soto
                Crim. No. 20-903 (WJM)

Dear Judge Martini:

      Please accept this letter brief in lieu of a more formal submission as the Government's additional motion *in limine*. On August 22, 2022, the Government filed two motions *in limine*, which remain pending. ECF No. 79. The Government requests that the Court rule on one additional motion *in limine*. Specifically, because the Defendant has failed to provide written alibi notice pursuant to Federal Rule of Criminal Procedure Rule 12.1(a), the Court should bar the Defendant from offering any alibi witnesses at trial, other than himself. While this motion could be addressed at the time of trial, the Government is filing it in advance in order to advise the Court of a potential issue that could arise and to ensure an efficient trial.

      **I.    The Defendant Should Be Barred from Presenting an Alibi Defense.**

      Pursuant to Federal Rule of Criminal Procedure 12.1(a), the Government may make a demand for the defendant to provide written notice if he or she intends to offer an alibi defense. *See* Fed. R. Crim. P. 12.1(a). If the Government makes such a request, the defendant must provide written notice that states: "(A) each specific place where the defendant claims to have been at the time of the alleged offense[s]; and (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2). Unless set otherwise by the Court, the Defendant must provide such written notice within 14 days of the Government's request. *See id.*

On August 29, 2022, the Government served a written request on defense counsel pursuant to Rule 12.1. *See* Ex. A, Gov's Rule 12.1 Request. Although more than 17 days have now passed since the Government served its request, the Defendant has not provided any written notice as required by the Rule.

Pursuant to Rule 12.1, "[i]f a party fails to comply . . . the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed. R. Crim. P. 12.1(e). Therefore, when a defendant fails to give timely alibi notice under Rule 12.1, courts frequently exercise their discretion to bar a defendant from calling an alibi witness. *See, e.g., United States v. Henderson*, 241 F.3d 638, 650 (9th Cir. 2000), *as amended* (Mar. 5, 2001) (holding that the trial court did not abuse its discretion when it barred the defendant from calling an alibi witness that the defendant did not disclose until trial); *United States v. Jones*, 255 F.3d 916, 917 (8th Cir. 2001) (noting that alibi notice was untimely and inadequate when provided one week before trial); *United States v. Taylor*, 652 F. App'x 902, 907 (11th Cir. 2016) (unpublished) ("The district court sustained the government's objection, which was not an abuse of discretion because the excluded testimony was in the nature of an alibi and Taylor had not timely notified the government of his intent to present an alibi defense."); *United States v. Johnson*, 354 F. Supp. 2d 939, 954 (N.D. Iowa 2005), *aff'd in part,* 495 F.3d 951 (8th Cir. 2007) (quotation omitted) (holding that "the defendant cannot be allowed to sandbag the government concerning any known alibi witnesses in an attempt to gain a tactical advantage that would minimize the effectiveness of cross-examination, and the ability of the government to present rebuttal evidence," and barring the defendant from offering an alibi witness at trial). The same sanction is appropriate here.

For the reasons set forth above, the Government respectfully submits that the Court should exclude the testimony of any alibi witness for the Defendant, other than the Defendant himself.[1]

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:   Emma Spiro
       Mark J. Pesce
       Assistant U.S. Attorneys

cc:    Kevin Buchan, Esq.
       James Seplowitz, Esq.

---

[1] Pursuant to Rule 12.1(e), although the Court may exclude alibi witnesses, "[t]his rule does not limit the defendant's right to testify."

- 3 -