UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JOSE SOTO.** | Crim. No. 20-903<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Currently before the Court is Defendant Jose Soto's motion for judgment of acquittal ("Motion") pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Tr. Vol. 3, 610:23-611:7; ECF No. 107. For the reasons set forth below, Defendant Soto's Motion is **DENIED**.

**I.  BACKGROUND**

    On or around February 9, 2022, a federal grand jury returned a five-count superseding indictment (the "Superseding Indictment") against Defendant charging him with (1) one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; (2) two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2; and (3) two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.  *See* Superseding Indictment, ECF. No. 66.

    The Court held a six-day jury trial on all five counts.  At trial, the Government argued that Soto conspired with his co-defendant, Nicholas Ortiz ("Ortiz"), to commit two bank robberies, that he in fact committed those bank robberies, and that he used, carried, and brandished a firearm during both of those robberies.  Specifically, the Government asserted that Soto and Ortiz robbed the PNC Bank in Passaic, New Jersey on February 6, 2020 and the Valley Bank in Little Falls, New Jersey on February 27, 2020.

    At the close of evidence on October 12, 2022, the defense moved for a judgment of acquittal under Rule 29 and indicated its intent to file a written motion as well. Tr. Vol. 3, 610:23-611:20.  The Court reserved its decision pending written submissions from the parties. Tr. Vol. 3, 611:21-24. The defense filed its written motion later that day, arguing generally that "the evidence presented at trial . . . does not satisfy what is required by Rule 29." Def.'s Mot. 2, ECF No. 107.  On October 14, 2022, the jury convicted Soto on all five counts and found that he brandished a firearm during both robberies.  ECF No. 119.

On October 26, 2022, the Government filed a written opposition to Soto's Motion. Gov't's Opp., ECF No. 128.

## II. DISCUSSION

Rule 29 of the Federal Rules of Criminal Procedure provides, in relevant part, that upon a defendant's motion, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). If the Court reserves its decision, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). The Court reviews the evidence presented at trial under a deferential standard and must sustain the verdict so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quotation marks omitted) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). In making this determination, the Court does not act as a thirteenth juror and must be careful "not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Caraballo-Rodriquez*, 726 F.3d 418, 430 (3d Cir. 2013) (alterations and quotation marks omitted). Rather, the Court must "review the record in the light most favorable to the prosecution," *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citations and quotation marks omitted), and must "draw all reasonable inferences in favor of the jury's verdict." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (citation and quotation marks omitted). To that end, "[t]he evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Pungitore*, 910 F.2d 1084, 1129 (3d Cir. 1990). Accordingly, judgments of acquittal due to insufficiency of the evidence "should be confined to cases where the prosecution's failure is clear," *Smith*, 294 F.3d at 477 (citation and quotation marks omitted), such that "no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt." *United States v. Fattah*, 914 F.3d 112, 183 (3d Cir. 2019).

Applying this standard, the Court finds that the evidence presented at trial, viewed in the light most favorable to the Government, is sufficient to support Soto's conviction on all five counts.

### A. Bank Robbery

Soto was convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). To convict Soto on these counts, the jury was required to find: (1) that Soto took money that was in the care, custody, or possession of PNC Bank and Valley Bank while its respective employees were present; (2) that Soto used force and violence or intimidation; and (3) that the deposits from each bank were insured by the Federal Deposit Insurance Corporation ("FDIC"). *See* Third Circuit Model Criminal Jury Instructions §

6.18.2113A.  Sufficient evidence was presented at trial for a rational trier of fact to find all three of these elements beyond a reasonable doubt.

Count Two of the Superseding Indictment alleged the robbery of the PNC Bank in Passaic, New Jersey on February 6, 2020.  To show the jury how the robbery occurred, the Government presented witness testimony from a bank teller and two patrons along with video surveillance from inside the bank.  Video surveillance supported the witnesses' testimony that two men entered the bank on February 6, 2020, and upon entering, one man pointed a silver and black firearm at bank patrons and employees, Tr. Vol. 1, 75:1-6 (Naji); 86:2-4 (Rosario); 96:18-97:11 (Malakh), while the other took money from the bank teller drawer, Tr. Vol. 1, 85:2-13 (Rosario).  The witnesses further testified that in addition to pointing the gun at the bank occupants, the gunman verbally threatened them by warning them to not "be a hero," Tr. Vol. 1, 76:7-16 (Naji); 97:20-98:16 (Malakh) and by saying that he would shoot the gun if they moved, Tr. Vol. 1, 75:7-14 (Naji); 86:21-25 (Rosario); 97:16-19 (Malakh).

Count Four of the Superseding Indictment alleged the robbery of the Valley Bank in Little Falls, New Jersey on February 27, 2020.  For this robbery, the Government presented witness testimony from two bank employees, Todd Ullrich and Debra Gretina.  The Government also provided video surveillance from inside the bank.  The video surveillance supported the employees' testimony that two men entered the bank on February 27, 2020 and ultimately took money from the bank's vault and teller drawers.  Tr. Vol. 1, 114:21-24 (Ullrich); 128:5-129:5; 130:2-22 (Gretina).  Ullrich testified that one of the men cocked a silver and black firearm near him and ordered him to move.  Tr. Vol. 1, 107:4-108:15 (Ullrich).  Gretina testified that the gunman also gave demands to the other occupants inside the bank and warned them that "nobody need[ed] to be a hero."  Tr. Vol. 1, 124:14-125:14; 130:23-131:4 (Gretina).

In addition to video surveillance and witness testimony from bank employees and patrons, the jury heard testimony from Soto's co-defendant, Nicholas Ortiz ("Ortiz").  Ortiz testified that he and Soto were the individuals in the surveillance videos robbing each bank, Tr. Vol. 2, 279:19-283:19 (PNC Bank); 294:5-299:24 (Valley Bank), and that Soto was the individual who used the gun during each robbery, Tr. Vol. 2, 280:25-281:1 (PNC Bank); 296:17-18 (Valley Bank).  His testimony further corroborated the victims' testimony that he and Soto threatened the bank occupants verbally and with a gun, Tr. Vol. 2, 281:15-23 (PNC Bank); 295:22-296:12 (Valley Bank), and that they took money from each bank, Tr. Vol. 2, 282:18-283:14 (PNC Bank); 298:12-299:20 (Valley Bank).

The Government also introduced the testimony of Special Agent John Hauger, an expert in the fields of call detail records and historical cell site analysis, which corroborated Ortiz's testimony.  Tr. Vol. 3, 476-520.  Special Agent Hauger testified that on February 6, 2020, Soto's and Ortiz's cell phones were together and in the vicinity of PNC Bank.  Tr. Vol. 3, 497:7-504:14.  He then testified that Soto's and Ortiz's phones were together and in the vicinity of Valley Bank on February 27, 2020.  Tr. Vol. 3, 504:17-510:20.  Further, Special Agent Hauger's analysis of the phone records indicated that Soto and Ortiz had

their phones turned off during the same time periods on the days of the robberies. Tr. Vol. 3, 510:21-515:15 (February 6, 2020); 515:16-519:9 (February 27, 2020).

Additionally, the Government presented victim statements indicating that the gunman's physical characteristics and language ability in both robberies matched Soto's description. Tr. Vol. 1, 76:17-77:6 (Naji); 110:1-4 (Ullrich); 126:1-25 (Gretina). Video surveillance of the getaway car in the PNC Bank robbery was also presented that matched the general description of Soto's Ford Focus, Tr. Vol. 2, 389:9-428:22, and credit card and bank records reflecting Soto's increased spending and cash deposits following the days of the robberies were shown as well, Tr. Vol. 2, 349:1-363:17 (Hopkins); 436:20-439:1 (Barile). The Government also presented FDIC certificates for each bank to demonstrate that they were both insured in February 2020. Tr. Vol. 2, 425:18-427:12.

Viewing the evidence in the light most favorable to the Government, a rational juror could find beyond a reasonable doubt that all three elements of bank robbery were satisfied for both counts: namely, that Soto used force and violence or intimidation—through verbal threats and the employment of a firearm—to take FDIC-insured deposits from PNC Bank and Valley Bank while its employees were present.

### B. Using or Carrying a Firearm During a Crime of Violence

In addition to bank robbery, Soto was convicted of two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). For these offenses, the jury was required to find: (1) that Soto committed bank robbery as charged in Counts Two and Four of the Superseding Indictment; (2) that during and in relation to the commission of those bank robberies, Soto knowingly used or carried a firearm; and (3) that Soto used or carried the firearm during and in relation to the bank robberies. *See* Third Circuit Model Criminal Jury Instructions § 6.18.924B. "Use" requires a showing of "active employment of the firearm," *Bailey v. United States*, 516 U.S. 137, 143 (1995), while "carry" means that the defendant had the firearm on his person or otherwise possessed the firearm, *see Muscarello v. United States*, 524 U.S. 125, 134 (1998); *United States v. Garth*, 188 F.3d 99, 110-11 (3d Cir. 1999); *see also* Third Circuit Model Criminal Jury Instructions § 6.18.924B. "During and in relation to" means that the firearm must have had some purpose or effect with respect to each bank robbery. Specifically, the firearm must have at least facilitated or had the potential of facilitating the bank robbery. *See Smith v. United States*, 508 U.S. 223, 238 (1993); Third Circuit Model Criminal Jury Instructions § 6.18.924B.

Additionally, the jury found Soto guilty of brandishing the firearm during both robberies by way of a special interrogatory. For this, the jury was required to find beyond a reasonable doubt that Soto "display[ed] all or part of the firearm, or otherwise [made] the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm [was] directly visible to that person." 18 U.S.C. § 924(c)(4); *see* Comment to Third Circuit Model Criminal Jury Instructions § 6.18.924B.

4

As discussed *supra* in Section A, a rational juror could find beyond a reasonable doubt that Soto committed both bank robberies, meeting the first element of 18 U.S.C. § 924(c)(1)(A)(ii). A rational juror could find the second and third elements beyond a reasonable doubt as well. The video surveillance and witness testimony from the victims of the PNC Bank robbery demonstrate that a gunman pointed a gun at the bank's occupants, verbally threatened to shoot if they moved, and warned them not to "be a hero." The video surveillance and witness testimony from the victims of the Valley Bank robbery also indicate that a gunman cocked a gun near a Valley Bank employee while ordering him to move, gave demands to bank occupants, and warned the occupants that "nobody need[ed] to be a hero." Further, Ortiz testified that he and Soto were the individuals in both surveillance videos, Tr. Vol. 2, 279:19-283:19 (PNC Bank); 294:5-299:24 (Valley Bank), and that Soto was the one carrying the gun during each robbery, Tr. Vol. 2, 280:25-281:1 (PNC Bank); 295:7-296:18 (Valley Bank). Ortiz also explained that he agreed with Soto before each robbery that Soto would use the gun to gain control over the bank occupants. Tr. Vol. 2, 274:7-16 (PNC Bank); Tr. 295:21-296:12 (Valley Bank). As such, a rational juror could find beyond a reasonable doubt that Soto actively employed a firearm during each robbery by cocking it or pointing near bank occupants, which had the purpose or effect of controlling bank occupants in facilitation of the robberies. A rational juror could likewise find that Soto displayed the firearm to intimidate the bank occupants in both robberies. Thus, reviewing the record in the light most favorable to the Government, Soto's two convictions under Counts Three and Five of the Superseding Indictment, along with the jury's findings that Soto brandished the weapon in each count, must be sustained.

### C. Conspiracy to Commit Bank Robbery

Lastly, Soto was convicted of one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. To find Soto guilty of this offense, the jury was required to find: (1) that two or more persons agreed to commit bank robbery; (2) that Soto was a member of that agreement; (3) that Soto joined the agreement knowing of its objective to commit bank robbery and intending to join together with at least one other member to achieve that objective; and (4) that, during the existence of the agreement, at least one member performed an overt act to further that objective. *See* Third Circuit Model Criminal Jury Instructions § 6.18.371A.

Ortiz testified that he and Soto verbally agreed to commit the robberies together the day before each robbery, Tr. Vol. 2, 271:4-274:16 (PNC Bank); 290:1-17 (Valley Bank), and that they did in fact commit both robberies together, Tr. Vol. 2, 279:19-283:19 (PNC Bank); 294:5-299:24 (Valley Bank). Further, Special Agent Hauger testified that Soto's and Ortiz's phones were near the vicinities of the banks on the days they were robbed and were turned off during the same time periods on the days of the robberies. The Government also introduced text messages between Soto and Ortiz on the morning of the Valley Bank robbery where Ortiz indicated that he was on his way to meet up with Soto. Tr. Vol. 2, 290:18-292:15. From this evidence, a rational juror could find that Soto entered into an agreement with Ortiz to commit bank robbery, knew that the objective of the agreement

5

was to commit bank robbery, and did in fact perform the overt act of completing two bank robberies in furtherance of that objective.  As such, the evidence presented was sufficient to sustain Soto's conviction under Count One of the Superseding Indictment.

### III.   CONCLUSION

For the reasons set forth above, Soto's Motion is **DENIED**. An appropriate order follows.

Date: **November 18, 2022**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**