UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

JOSE SOTO.

Crim. No. 20-903

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

Currently before the Court is Defendant Jose Soto's ("Defendant") motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Motion"). ECF No. 129. For the reasons set forth below, Defendant's Motion is **DENIED**.

I.  **BACKGROUND**

On October 14, 2022, following a six-day jury trial, Defendant was convicted of one count of conspiracy to commit bank robbery, two counts of bank robbery, and two counts of using and carrying a firearm during and in relation to a crime of violence. ECF No. 119.

On Thursday, October 27, 2022, defense counsel emailed the Court for permission to file a Rule 33 motion for a new trial by the next week. The Government did not object, and the Court did not respond, before the Defendant filed the instant Motion on Wednesday, November 2, 2022. Defendant provides no reason for his delay, but considering all relevant circumstances, including the fact that Defendant requested the extension before the October 28, 2022 deadline and filed the Motion less than a week later, the Court will consider his submission. *See* Fed. R. Crim. P. 45(b)(1)(A); *cf. United States v. Kennedy*, 354 F. App'x 632, 636 (3d Cir. 2009) (noting that pursuant to Rule 45(b)(1)(B), courts may grant extensions for Rule 33(b)(2) motions due to excusable neglect, which is an equitable determination that should take account of relevant circumstances).

II.  **LEGAL STANDARD**

Rule 33 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where, as here, a Rule 33 motion is based on "an alleged error or combination of errors at trial," a new trial will be ordered only when it is "reasonably possible that such error, or combination of errors, substantially influenced the jury's decision." *United States v. Tiangco*, 225 F. Supp. 3d 274, 279 (D.N.J. 2016) (citations and internal quotation marks omitted); *see also United States v. Moten*, 617 F. App'x 186, 195 (3d Cir. 2015) ("A new trial is required on the basis

of cumulative errors only when 'the errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial.'" (quoting *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993))).

III. DISCUSSION

    a. Admission of Photographs Depicting Cash

Before opening statements, Defendant objected to the Government's introduction of photographs depicting stacks of cash that were present on Defendant's phone. Defendant asserted that the photographs were unreliable and unfairly prejudicial under Rule 403 of the Federal Rules of Evidence because the photographs were taken from the phone's deleted space and, as such, lacked metadata that would indicate where, when, or how the photographs were taken. The Court denied Defendant's objection, holding that defense counsel could appropriately address these questions through cross-examination. Tr. Vol. 1, 46:3-52:18. Defense counsel subsequently inquired into these issues on cross-examination. Tr. Vol. 1, 200:11-203:9 (crossing Government expert regarding activation date of Defendant's phone), 208:12-209:5 (lack of metadata for disputed photographs).

Defendant repeats this same argument in his Motion, again asserting that the photographs are unreliable and unfairly prejudicial under Rule 403. Def.'s Br. 2-3. Under Rule 403, a court may exclude relevant evidence if its probative value is "substantially outweighed" by a danger of unfair prejudice. Fed. R. Evid. 403. However, "because Rule 403 only protects against prejudice that is 'unfair,' the 'prejudice against which the law guards' is only 'prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found.'" *United States v. Walker*, 677 F. App'x 53, 57 (3d Cir. 2017) (quoting *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002))

Because the photographs depict large sums of cash and were extracted from Defendant's phone, they are highly probative to Defendant's involvement in a bank robbery. *Cf. United States v. Lewis*, 449 F. App'x 266, 268 (4th Cir. 2011) (holding that photographs of the defendant with large sums of cash could "rationally [be] viewed by the jury as evidence of [defendant's] involvement in a drug distribution scheme." (citation and internal quotation marks omitted)). Further, the Government introduced substantial witness testimony relating to the creation and location of the photographs, further demonstrating their probative value. *See, e.g.*, Tr. Vol. 1, 180:19-186:11 (expert testifying to the creation and deletion of the disputed photographs, and to the metadata and location of a photograph on Defendant's phone depicting a table similar to the one in the disputed photographs), 192:14-24 (date range of data on Defendant's phone), 195:15-197:11 (creation and deletion of contested photographs); *see also* Tr. Vol. 2, 302:13-18 (co-defendant testifying to dividing robbery proceeds on Defendant's living room floor).

Defendant adequately addressed his initial claims of unreliability and unfair prejudice through cross-examination and failed to assert any new basis for prejudice in his Motion. On the bases already cited by Defendant, the Court did not err in admitting the

photographs.  Given the weight of the rest of the Government's evidence offered at trial, the admission of the photographs could not have "excite[d] the emotions of the jury to irrational behavior" such as to cause a danger of unfair prejudice that outweighs their probative value.  *See Lewis*, 449 F. App'x at 268 (holding that admission of photographs depicting defendant with large sums of cash was not an abuse of discretion because they "would not excite the emotions of the jury to irrational behavior[.]").

### b. Response to Jury Communications

During the first day of deliberations, the jury deliberated for approximately three and a half hours before recessing for the day.  Tr. Vol. 4, 698:4, 703:25.  Fifteen minutes into the second day of deliberations, at 8:45 A.M., the jury submitted a written note to the Court, which asked: "What happens if we all do not agree?"  ECF No. 113.  The Court was in the process of convening the attorneys before it received a second note from the jury twenty-five minutes later.  The note stated: "Please disregard our previous question." [1] ECF No. 115.  Five minutes after sending the second note, the jury indicated that they had reached a verdict.  ECF No. 117.  The Court convened the attorneys shortly thereafter and informed them of the jury's three communications.  Tr. Vol. 5, 708:4-20.  The jury was brought in, and unanimously convicted Defendant on all five counts.  After ordering the Defendant remanded to custody, the Court asked if there was anything else that counsel would like to discuss.  Defense counsel did not raise any objections or issues.  Tr. Vol. 5, 717:3-12.

In his Motion, Defendant argues that the Court erred by allowing a verdict without instructing the jury on Rule 31(b)(3) of the Federal Rules of Criminal Procedure, which states that "[i]f the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts."  Def.'s Br. 3.[2]  Having not done so, Defendant argues that the Court undermined the unanimous verdict and caused a miscarriage of justice that requires a new trial.  Def.'s Br. 3-4.

Defendant cites to no authority requiring the Court to instruct the jury about the possibility of mistrial at such an early stage of deliberations.  *See United States v. Shannon*, No. S1 22 CR. 56 (JPC), 2022 WL 17581558, at *8 (S.D.N.Y. Dec. 12, 2022) ("The Court is unaware of any authority suggesting that informing the jury that its failure to reach a verdict would result in a mistrial, particularly at such an early stage of deliberations, was required.").  Nonetheless, the Court already instructed the jury that there would be "no verdict" if they could not agree, rendering Defendant's argument that his requested instruction would have influenced the outcome as merely speculative.  Tr. Vol. 4, 659:20-22.  Further, courts in other jurisdictions have concluded that "[t]here is no requirement that, despite the jury having already reached a verdict, a response be provided and the jury be required to deliberate further in light of the response."  *Crockett v. Uchtman*, No. 03 C

---

[1] Defendant fails to mention this communication in his Motion.
[2] Defendant appears to erroneously cite to Rule 31(a)(3), rather than Rule 31(b)(3).

3

4105, 2006 WL 8445523, at *4 (N.D. Ill. Oct. 19, 2006) (collecting cases), *aff'd sub nom. Crockett v. Hulick*, 542 F.3d 1183 (7th Cir. 2008); *see also United States v. Rodriguez*, 765 F.2d 1546, 1554 (11th Cir. 1985) (holding that the court's failure to answer a question before a verdict was reached thirty to sixty minutes later, where the court was temporarily unavailable, was not reversible error and did not require a new trial).

The Court also told the jury that if they had any questions or messages, the Court would talk to the lawyers first before responding. Tr. Vol. 4, 695:4-11. The jury was instructed to "continue [their] deliberations on some other subject" while waiting for the Court's response. *Id.* As such, the jury was aware of the potential for delay in the Court's response and presumably continued deliberating while they waited. *See United States v. Hakim*, 344 F.3d 324, 330 (3d Cir. 2003) (applying a "presumption that juries follow the instructions given by district courts").

## IV. CONCLUSION

For the reasons set forth above, Soto's Motion is **DENIED**. An appropriate order follows.

 

**Date: January 19, 2023**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

4