**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**JOSE SOTO** | No. 20-cr-00903<br><br>**OPINION AND ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on remand from the Third Circuit "for the purpose of determining whether excusable neglect or good cause exists to extend the time to file a notice of appeal." ECF No. 172.[1] No party has requested a hearing, and the Court declines to hold oral argument. L. Civ. R. 78.1; L. Crim. R. 1.1 (applying Local Civil Rule 78.1 to criminal cases). For the reasons stated below, the Court finds that excusable neglect exists, and the Court **EXTENDS** the period to file a notice of appeal.

## I. BACKGROUND

After a jury trial, Defendant was convicted of conspiracy to commit bank robbery, two counts of bank robbery, and two counts of using and carrying a firearm during and in relation to a crime of violence. ECF No. 119. After his first appeal, the Third Circuit vacated the Court's 289-month sentence, which incorporated a two-level enhancement for obstruction of justice, and remanded for resentencing on the basis that "the record inadequately supports this enhancement's application." *United States v. Soto*, 122 F.4th 503, 505 (3d Cir. 2024). Therefore, on May 22, 2025, the Court held a hearing, took testimony, and ultimately concluded that the obstruction enhancement applied. ECF No. 171, at 57:9-62:19, 84:20-21. Still, the Court gave the Defendant a slight discount and imposed a 270-month aggregate sentence, as opposed to the Government's 276-month request. *Id.* at 84:13-19, 85:9-22. Judgment was entered on May 28, 2025. ECF No. 167. Defendant mailed a pro se notice of appeal from FCI Danbury on June 25, 2025, approximately two weeks late, and it was docketed on June 30, 2025. ECF No. 169.

Before the Third Circuit, the Government moved to dismiss the appeal as untimely. CA3 D.E. #5. Defendant moved pro se for appointment of alternative counsel. CA3 D.E. #7. In his pro se response to the Government's motion, Defendant stated that he requested his trial counsel to file a notice of appeal, and when he learned that no such notice of appeal was filed, he "immediately filed the notice of appeal." CA3 D.E. #8, at 1. Defendant claims that he gave "explicit instructions to file the notice of appeal." *Id.* at 2. After the

[1] Docket entries before this Court use the ECF number. Docket entries before the Third Circuit, No. 25-2234, are denoted by "CA3 D.E."

Third Circuit denied the motion for alternative counsel, CA3 D.E. #9, Defendant's trial counsel filed his own request to withdraw, noting his "significant ethical concerns regarding any continued representation of Mr. Soto moving forward" and commenting on the "significant breakdown in communications as well as a difference in opinion as to the correct strategy moving forward" regarding Defendant's appeal. CA3 D.E. #10, at 3. The Third Circuit then granted the request to withdraw and appointed new counsel, CA3 D.E. #14, #15, who filed an opposition to the Government's motion based on ineffective assistance of counsel due to trial counsel's failure to file a notice of appeal. CA3 D.E. #21.

## II. LEGAL STANDARD

Federal Rule of Appellate Procedure 4(b)(1)(A) requires a defendant's notice of appeal to be filed within fourteen days of the entry of the judgment being appealed. However, the Court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)" based on "a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4); *see United States v. Richmond*, 120 F.3d 434, 435-36 (3d Cir. 1997) (recognizing that Rule 4(b) permits an extension "so long as the appealing party filed the notice of appeal within the 30-day extension period"). Excusable neglect exists "in situations in which there is fault," which is "usually occasioned by something within the control" of the defendant. Fed. R. App. P. 4 advisory committee's notes on 2002 amendments; *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323-24 & n.2 (3d Cir. 2012).

## III. DISCUSSION

As explained below, the Court concludes that excusable neglect exists and therefore extends the time period for Defendant to file his notice of appeal such that Defendant's appeal is timely.

Although the Court is of the opinion that there is no merit to Defendant's appeal, as the Court conducted a hearing and took testimony with respect to the obstruction enhancement upon which the Court's amended judgment relies, the merits are not a component of the excusable-neglect inquiry. *See United States v. Simms*, 46 F. App'x 63, 65 (3d Cir. 2002). Instead, the Court focuses on the factors articulated by the Third Circuit in *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324 (3d Cir. 2012) (incorporating factors discussed by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993)). The Court employs an "equitable approach" that "take[s] into account all of the relevant circumstances," focusing on four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at 319.

Applying the *Pioneer* factors, the Court concludes that all point in favor of an extension:

1. There is no danger of prejudice to the Government where, as here, the issue is narrow (the Court's application of the obstruction enhancement), and there is a readily available transcript of the sentencing hearing. *See id.* at 331-32 (noting that prejudice "generally occurs where, for instance, the opposing party has lost evidence or placed substantial reliance on the judgment or there is an increased potential for fraud or collusion").

2. The two-week length of the delay is not excessive, and Defendant has asserted that he promptly filed his pro se notice of appeal without delay once he learned that his counsel did not do so. CA3 D.E. #8, at 1.

3. Assuming (without deciding) that Defendant did instruct his trial counsel to file a notice of appeal, he is without fault. *But see United States v. Hampton*, No. 15-cr-00302, 2025 WL 639328, at *1-2 (E.D. Pa. Feb. 26, 2025) (finding no excusable neglect based on the defendant's erroneous understanding of the rules).

4. The Court declines to question the good faith of both Defendant's trial counsel and the Defendant. Extending the deadline for Defendant to file his notice of appeal will permit the Third Circuit to reach the merits of the appeal and thereby bring this matter to a conclusion while avoiding a thorny inquiry into possible Sixth Amendment, attorney-client privilege, and professional responsibility issues. *See also United States v. Tobin*, 155 F.3d 636, 643 (3d Cir. 1998) ("[C]laims of ineffective assistance of counsel are ordinarily not cognizable on direct appeal.").

In sum, the *Pioneer* factors all support an extension of time.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that excusable neglect exists and **EXTENDS** the time period for Defendant's appeal to July 1, 2025.

## V. ORDER

**IT IS** on this 6th day of August 2026, hereby

**ORDERED** that Defendant's time period to file a notice of appeal is extended to July 1, 2025, based upon a finding of excusable neglect.

[signature]

**WILLIAM J. MARTINI, U.S.D.J.**